PICKETT, J.,
dissenting.
hi respectfully disagree with the majority’s determinations that the trial court did not commit manifest error in finding the evidence is in equipoise and that neither party carried his burden of proof. The trial court found both drivers to be credible but determined that neither proved the signal light governing the intersection was green in his or her favor when the accident occurred. After reviewing the record, I conclude the trial court committed manifest error in reaching these conclusions.
The trial court concluded the physical damage to the parties’ vehicles supported Ms. Bernard’s testimony that the accident happened in the intersection while Mr. Guidry was in the process of turning from Carmel Drive onto Louisiana Avenue. To reach this conclusion, the trial court had to reject Mr. Guidry’s testimony that the accident occurred north of the intersection after he completed his turn. Additionally, the trial court rejected Mr. Guidry’s testimony that he looked to his left before he began his turn but did not see Ms. Bernard approaching the intersection, observing that was not possible. Moreover, the day of the accident, in a written statement provided to the investigating police officer, Mr. Guidry stated that he was turning when he got hit. Yet, he testified at trial that he had completed his turn and was traveling on Louisiana Avenue when he was hit.
|2In my opinion, the trial court’s conclusion that Mr. Guidry’s testimony was credible is inconsistent with its findings of fact and the evidence. Furthermore, no evidence disputes Ms. Bernard’s version of the accident. For these reasons, I conclude that the evidence is not in equipoise and that Ms. Bernard carried her burden of proof.